IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY MARIE NASH,                )
                                    )
         Plaintiff,                 )
                                    )
     -vs-                           )    Civil Action No.   18-1188
                                    )
ANDREW M. SAUL,[1]                  )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
         Defendant.                 )

AMBROSE, Senior District Judge.

# OPINION
## and
## ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on April 24, 2017. (ECF No. 7-3). On July 25, 2017, the ALJ issued a decision finding Plaintiff is not disabled. (ECF No. 7-2, pp. 16-29). After exhausting all administrative remedies, Plaintiff filed this action.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant=s impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     Obesity**

Plaintiff argues that the ALJ erred in failing "to give any consideration to the Plaintiff's severe obesity, alone or in combination with her other impairments." (ECF No. 10, p. 12). As a result, the Plaintiff essentially argues that there is insufficient discussion for this court to make a meaningful review and the case should be remanded. (ECF No. 10, pp. 12-14).

An ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). A severe impairment is one which significantly limits your physical or mental ability to do basic work activities. *Id.* Thus, an impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R.

3

§416.920(c). In this case, the ALJ found Plaintiff to have the following severe impairments at step two: arthritis, aortic stenosis, paroxysmal atrial fibrillation, chronic obstructive pulmonary disease (COPD), asthma, obstructive sleep apnea, obesity, anxiety and depression. (ECF No. 7-2, p. 19).

In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). It is a plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

Social Security Ruling 02-1p provides guidance in assessing how obesity is to be considered. *Diaz v. Commissioner of Social Security*, 577 F.3d 500, 503 (3d Cir. 2009). For example, SSR 02-1p recognizes that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity." SSR 02-1p makes clear that obesity should be considered at each stage of the sequential analysis. SSR 02-1p expressly notes, "[t]he functions likely to be limited depend on many factors, including where excess weight is carried. An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching." *Diaz*, 577 F.3d at 503, n. 2, *quoting,* SSR 02-1p. Given these parameters, an ALJ must "meaningfully consider the effect of a claimant's obesity, individually and in combination with [other] impairments, on her workplace function at step three and at every subsequent step." *Diaz*, 577 F.3d at 504.

When assessing respiratory disorders such as asthma/COPD, an ALJ must consider the

effects of obesity, if applicable. *See,* 20 C.F.R. Pt. 404, Subpt. P, Appx.1, Listing 3.00.

> Obesity is a medically determinable impairment that is often associated with respiratory disorders. Obesity makes it harder for the chest and lungs to expand, which can compromise the ability of the respiratory system to supply adequate oxygen to the body. The combined effects of obesity with a respiratory disorder can be greater than the effect of each of the impairments considered separately. We consider any additional and cumulative effects of your obesity when we determine whether you have a severe respiratory disorder, a listing-level respiratory disorder, a combination of impairments that medically equals the severity of a listed impairment, and when we assess your residual functional capacity.

*Id.* at Listing 3.00(O). Similarly, when assessing cardiovascular disorders, an ALJ must consider the effects of obesity, if applicable. *See,* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Listing 4.00.

> Obesity is a medically determinable impairment that is often associated with disorders of the cardiovascular system. Disturbance of this system can be a major cause of disability if you have obesity. Obesity may affect the cardiovascular system because of the increased workload the additional body mass places on the heart. Obesity may make it harder for the chest and lungs to expand. This can mean that the respiratory system must work harder to provide needed oxygen. This in turn would make the heart work harder to pump blood to carry oxygen to the body. Because the body would be working harder at rest, its ability to perform additional work would be less than would otherwise be expected. Thus, the combined effects of obesity with cardiovascular impairments can be greater than the effects of each of the impairments considered separately. We must consider any additional and cumulative effects of obesity when we determine whether you have a severe cardiovascular impairment or a listing-level cardiovascular impairment (or a combination of impairments that medically equals the severity of a listed impairment), and when we assess your residual functional capacity.

*Id.* at Listing 4.00(I).

While Plaintiff did not list obesity as an impairment on her application in this case (ECF No. 7-8, p. 18), the ALJ specifically considered Plaintiff's obesity to be severe. (ECF No. 7-2, p. 19). Additionally, at step 3, the ALJ specifically considered Plaintiff's obesity in combination with her other impairments (including Plaintiff's COPD, asthma, obstructive sleep apnea, ischemic heart disease and recurrent arrhythmias) to assess whether they meet or medically equal the severity of a listed impairment. (ECF No. 7-2, pp. 18-19). In so doing, the ALJ found that the signs, symptoms and laboratory findings of her obesity are not of such severity as found in any

5

listing. *Id.* at p. 19.

It is Plaintiff's burden to show that her impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992). At no point, however, does Plaintiff suggest how she meets any of the listings under 3.00 or 4.00. *See,* ECF No. 10, pp. 12-14*.* Consequently, I find Plaintiff's argument to be underdeveloped and inadequate to place the issue before me. Nonetheless, I have reviewed the record and the ALJ's opinion as a whole and, based on the same, I find the ALJ adequately considered and addressed whether Plaintiff met Listing 1.02, 3.02, 3.03, 4.04, and 4.05. *See,* ECF No. 7-2, pp. 16-29.

Additionally, I note the ALJ specifically evaluated the combined effects of Plaintiff's impairments, including her obesity, in determining her residual functional capacity (RFC).[2] *See,* ECF No. 7-2, pp. 22-27. Specifically, the ALJ noted that in accordance with SSR 96-8p, the RFC "has been assessed based on all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all the claimant's medically determinable impairments. In making this assessment, the undersigned has considered all of the symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529." (ECF No. 7-2, p. 22). In fact, the ALJ specifically limited Plaintiff's ability to perform light work based upon Plaintiff's obesity and discussed the same throughout the opinion. *Id.* at p. 23-27. After a review of the same, I find there is substantial evidence of record to support this decision. (ECF No. 7-2, pp. 16-29). Thus, I find no merit to this argument. Therefore, remand is not warranted on this

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c). In this case, the ALJ found Plaintiff has the RFC to perform light work with both physical and mental limitations. (ECF No. 7-2, p. 22).

basis.

C. **Opinion Evidence**

Plaintiff also argues that the ALJ "did not rely on the opinion of any state agency medical consultant or other medical physician" in determining her RFC. (ECF No. 10, p. 17). I am baffled by this assertion as the Plaintiff points out in the prior paragraph that the ALJ gave Dr. Khalid's opinions some weight and gave Dr. Romano's opinions partial weight. *Id.*; *see also,* ECF No. 7-2, p. 26. Simply because an ALJ does not give great or significant weight to any one particular medical opinion does not mean the ALJ's opinion is not based on the medical opinion evidence. Consequently, I give no merit to this assertion.

D. **Hypothetical Questions to the Vocational Expert (VE)**

Finally, Plaintiff argues that the ALJ erred in failing to include in his hypothetical questions to the VE the moderate limitations she has in understanding, remembering or applying information, interacting with others, and in concentrating, persisting or maintaining pace. (ECF No. 10, pp. 14-16). As a result, Plaintiff suggests that the ALJ failed "to prove that plaintiff can perform a job that exists in the national economy." *Id.* at 16. After a review of the evidence, I disagree.

The ALJ's RFC restricts Plaintiff to simple, routine, repetitive work not performed at a fast-paced production rate and that should be limited to simple work decisions with occasional interaction with co-workers, supervisors, and the public. (ECF No. 7-2, p. 22). Such restrictions have repeatedly been found sufficient to accommodate moderate limitations in concentration, persistence, and pace by the Third Circuit. *See, e.g., McDonald v. Astrue,* 293 F. App'x 941, 946-47 (3d Cir. 2008); *Menkes v. Astrue,* 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low

stress level work that does not require maintaining sustained concentration.... Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.' "); *Watson v. Colvin,* No. 12-552, 2013 WL 5295708, *5 (W.D.Pa. Sept. 18, 2013)("restriction to simple, routine tasks accounted for the claimant's moderate limitations in concentration, persistence and pace"); *Polardino v. Colvin,* No. 12–806, 2013 WL 4498981, *3 (W.D.Pa. Aug. 19, 2013) ("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace.").

The ALJ then included those limitations in the hypothetical posed to the VE.[3] (ECF No. 7-3, pp. 25-27). An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the RFC. (ECF No. 7-2, pp. 16-29; No. 7-3, pp. 25-27). Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.

An appropriate order shall follow.

---

[3] To the extent Plaintiff attempts to argue that the ALJ did not provide specific limitations regarding dust and fumes (ECF No. 10, pp. 15-16), a review of the evidence establishes the opposite. Specifically, the RFC limits Plaintiff's exposure to, *inter alia,* occasional exposure to humidity, wetness, dust, odors, fumes, gases, and other pulmonary irritants. (ECF No. 7-2, p. 22). Furthermore, the ALJ explicitly included those limitations in the hypothetical posed to the VE. (ECF No. 7-3, pp. 25-27).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY MARIE NASH,<br><br>    Plaintiff,<br><br> -vs-<br><br>ANDREW M. SAUL,[4]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 18-1188 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 5th day of September, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

            BY THE COURT:

            s/ Donetta W. Ambrose
            Donetta W. Ambrose
            United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.